**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JULIO REYNOSO, LUIS GONZALEZ, and MANUEL GONZALEZ, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown,** | |
| | **Case No. 13-cv-05004** |
| **Plaintiffs,** | |
| **v.** | |
| | **Honorable Milton I. Shadur, Presiding Judge** |
| **MOTEL LLC, an Illinois Limited Liability Company, d/b/a MOTEL BAR, and HERBERT GREENWALD, an individual,** | |
| | Magistrate Judge Jeffrey Cole |
| **Defendants.** | |

<u>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**THEIR MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS**</u>

**I.      INTRODUCTION**

Plaintiffs, Manuel Gonzalez, Luis Gonzalez, and Julio Reynoso, brought this action against Defendants, Motel LLC ("Motel") and Herbert Greenwald ("Greenwald"), for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*  Defendants admit that the Plaintiffs worked for Defendants, worked more than forty (40) hours per week, and were not exempt from the overtime wage provisions of the FLSA and IMWL. Defendants further admit that Plaintiffs were not paid overtime wages.  Because Plaintiffs were not paid overtime wages for hours worked over forty (40) in a workweek, they are each entitled to judgment and damages as a matter of law on their FLSA and IMWL claims.

**II.      FACTUAL BACKGROUND**

**A.      This Court Has Jurisdiction Over Plaintiffs' Claims and Venue Is Proper**

This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. (See Plaintiffs' Local Rule 56.1(a)(3) Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment, ¶ 1, ("PSMF ¶ ___")). This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367. (See Id.) Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims under the FLSA and IMWL occurred in this judicial district. (See PSMF ¶ 2-3.) Defendants owned and operated a restaurant and bar, Motel Bar, within this judicial district and Defendant Greenwald resides in and is domiciled within this judicial district. (See PSMF ¶ 3-4.)

**B.      Defendants Are Liable Under the FLSA and IMWL**

As current and former cooks and dishwashers employed by Defendants, the Plaintiffs are each a non-exempt "employee" under the FLSA and IMWL. (See PSMF ¶ 10-12.) Defendants Motel and Greenwald each constitute an "employer" under the FLSA and IMWL and Defendant Motel is an enterprise engaged in commerce under the FLSA. (See PSMF ¶ 5-8.) During the three years preceding this lawsuit, Plaintiffs Julio Reynoso, Luis Gonzalez, and Manuel Gonzalez worked more than 40 hours in an individual workweek. (See PSMF ¶ 13-15.) Defendants admit that the Plaintiffs were not paid overtime compensation at a rate of one and one-half times their regular hourly rates of pay. (See PSMF ¶ 16.)

**C.      Plaintiffs Are Entitled to Damages Under the FLSA and IMWL**

Defendants do not have daily time records for the Plaintiffs for the time period from January 2010 through December 2012. (See PSMF ¶ 17.) However, the Defendants produced Pay Period Ending Reports which show the hours worked by Plaintiffs during two-week pay periods in 2010, 2011, 2012, and the first pay period in January 2013. (See PSMF ¶ 18-20, 26 35-41, 50-55.) For the subsequent pay periods from January 2013 through the end of June 2013,

Plaintiffs Manuel Gonzalez and Luis Gonzalez have each produced copies of their paycheck stubs for all but one pay period, and further offered their own sworn testimony regarding their normal work schedule and average hours worked. (See PSMF ¶ 25, 27-28, 34, 42-43.) Plaintiff Julio Reynoso has also offered his sworn testimony regarding his work schedule and average hours worked, and he has produced copies of Defendants' Labor 2 Reports which Defendants used to compile their Pay Period Ending Reports. (See PSMF ¶ 21, 49, 57-58.)

Based upon Defendants' Pay Period Ending Reports as well as his sworn testimony and wage stubs, Plaintiff Manuel Gonzalez worked at least 1,052 hours in excess of 40 in individual workweeks during the last three years before this suit was filed. (See PSMF ¶ 25-28, 31, and Exh. I-1.) Based upon the same set of evidence, Plaintiff Luis Gonzalez worked at least 4,701.5 hours in excess of 40 in individual workweeks during the last three years before this suit was filed. (See PSMF ¶ 34, 36-38, 40-43, 46 and Exh. I-2.) Lastly, based upon Defendants' Pay Period Ending Reports, Labor 2 Reports, and his own sworn testimony, Plaintiff Julio Reynoso worked at least 2,423.86 hours in excess of 40 in individual workweeks during the last three years before this suit was filed. (See PSMF ¶ 49, 51-54, 56, 57-58, 62, and Exh. I-3.) Defendants never paid overtime compensation to Plaintiffs until this suit was filed. (See PSMF ¶ 21, 29-30, 44-45, 55, 60-61.)

Consequently, unpaid overtime compensation is due Plaintiff Manuel Gonzalez in an amount not less than $5,260.00, due Plaintiff Luis Gonzalez in an amount not less than $23,226.78, and due Julio Reynoso in an amount not less than $16,736.72. (See PSMF ¶ 31, 46, 62.) Pursuant to 820 ILCS 105/12(a), statutory interest at the rate of 2% per month under the IMWL is applied to Defendants' underpayments and such interest is due Plaintiff Manuel

Salazar in the amount of $1,728.55, due Plaintiff Luis Gonzalez in the amount of $12,649.42, and due Julio Reynoso in the amount of $9,386.59. (See PSMF ¶ 32, 47, 63.)

Defendants also did not assert a good faith affirmative defense to FLSA liquidated damages. (See PSMF ¶ 64.) Defendants never paid overtime wages to Plaintiffs or other kitchen workers and did not enable the overtime settings on their payroll software. (See PSMF ¶ 65-66.) Defendants further admit paying Plaintiffs by check and in unreported cash under their dual pay system and not making the required withholdings to Plaintiffs' cash wages. (See PSMF ¶ 35, 50, 60, 67.) The Plaintiffs may therefore recover liquidated damages under the FLSA. See 29 U.S.C. § 216(b).

## III.    LEGAL STANDARD

Summary judgment on all or part of a claim or defense is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To oppose a motion for summary judgment successfully, the responding party may not simply rest on its pleadings, but rather must submit evidentiary materials showing that a material fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1). A genuine dispute of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). The non-moving party bears the responsibility of identifying applicable evidence. Bombard v. Ft. Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). In determining whether a genuine dispute of material fact exists, the court construes all facts and draws all reasonable and justifiable inferences in favor of the non-moving party. Anderson, 477 U.S. at 255.

The overtime provision of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1) parallels that of the FLSA and courts apply the same analysis to both statutes. See Urnikis–Negro v. Am. Family Prop. Servs., 616 F.3d 665, 672 n. 3 (7th Cir. 2010). Therefore, if a party prevails under the FLSA, 29 U.S.C. § 207, *et seq.*, he prevails under the IMWL as well.

## IV. ARGUMENT

### A. Defendants Motel and Greenwald Are Liable Under the FLSA and IMWL

#### 1. Defendants Are Subject to the FLSA and IMWL Overtime Requirements

The FLSA and IMWL require employers to pay their employees one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week. 29 U.S.C. § 207a(1); 820 ILCS § 105/4a(1). Initially, Defendants do not contest that Plaintiffs were each an "employee" under the law and were not exempt from overtime pay under either the FLSA or IMWL. Defendant Motel also expressly admits that it was an employer of the Plaintiffs under the FLSA and IMWL. Defendant Greenwald, however, denies that he was Plaintiffs' employer under the FLSA and IMWL and insists that he cannot be held individually liable as a matter of law.

To qualify as an "employer" under the FLSA, an entity or individual must be "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In evaluating whether an individual is an employer, courts avoid overly "formalistic labels or common law concepts of agency." Villareal v. El Chile, Inc., 776 F.Supp.2d 778, 785 (N.D. Ill. 2011), citing Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33, (1961). Instead, they evaluate the "economic reality" of the employment relationship. See Nehmelman v. Penn Nat. Gaming, Inc., 790 F.Supp.2d 787, 795 (N.D. Ill. 2011); Villareal, 776 F.Supp.2d at 785.

The "economic reality" evaluation encompasses several factors, including whether the alleged employer: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." Nehmelman, 790 F.Supp.2d at 795. Significantly, in Defendants' Amended Answer and during his own deposition, Defendant Greenwald admitted that he possessed the authority to hire and fire Defendants' employees, to supervise and control employee work schedules or conditions of employment, to determine rate and method of payment, and to maintain employment records. See PSMF ¶ 7-8.) Defendant Greenwald further acknowledged during his deposition that he was the ultimate decisionmaker for Defendant Motel and oversaw its day-to-day operations. (See Id.) Consequently, Defendant Greenwald constitutes an "employer" under the FLSA and IMWL and may be held individually liable.

Plaintiffs are also able to satisfy the coverage requirements of the FLSA because Defendants constitute a covered "enterprise" under the Act. See Villareal, 776 F.Supp.2d at 790 (employee is covered by the FLSA when the plaintiff/employee is a covered individual under the FLSA or the employer is a covered enterprise). For FLSA coverage to exist, the "enterprise" must be engaged in commerce or in the production of goods for commerce. This definition includes an enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less that $500,000 (exclusive of excise taxes at the retail level that are separately stated. 29 U.S.C. § 203(s)(1)(A).

In this case, Defendant Motel admits that it is an "an enterprise engaged in commerce" within the

meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants further acknowledge that Motel's annual gross revenue exceeded $500,000.00 and their employees have regularly handled, sold, or otherwise worked on goods and materials that have been moved or produced for commerce. Defendants Motel and Greenwald are therefore subject to the requirements of the FLSA and IMWL.

2.      Defendants Violated FLSA and IMWL Overtime Wage Requirements

Under the FLSA and IMWL, an employer must pay an employee who works more than 40 hours in a week at a rate one and one-half times the employee's regular rate for hours worked after the fortieth hour. 29 U.S.C. § 207(a)(1); 820 ILCS § 105/4(a)(1). Defendants admit that Plaintiffs, Julio Reynoso, Luis Gonzalez, and Manuel Gonzalez, worked more than forty (40) hours per week. Defendants also admit that Defendants did not pay Plaintiffs overtime premiums for hours worked over forty (40) in a workweek. Defendants make no other argument in defense of their conduct. As a result, this Court should find that Defendants' failure to pay overtime wages violated section 207(a)(1) of the FLSA and section 105/4(a)(1) of the IMWL as a matter of law. See Lizak v. Great Masonry, Inc., No. 08 C 1930, 2009 WL 3065396, at *6, 8-9 (N.D. Ill. Sept. 22, 2009) (entering summary judgment in favor of plaintiff on FLSA and IMWL overtime counts where defendants agreed that plaintiff worked more than forty (40) hours during individual works weeks, but was not paid overtime premiums); See also Hardrick v. Airway Freight Systems, Inc., 63 F.Supp.2d 898, 903 (N.D. Ill. 1999).

B.      **Plaintiffs Are Entitled to Damages Under The FLSA And IMWL**

Based upon the Defendants' liability under the FLSA and IMWL, Plaintiffs, Manuel Gonzalez, Luis Gonzalez, and Julio Reynoso are each entitled to recover damages under both statutes.   Plaintiffs may individually recover their unpaid overtime compensation under the

FLSA and IMWL, liquidated damages under the FLSA in the amount of their unpaid overtime compensation, statutory interest under the IMWL at the rate of 2% per month, and their attorneys' fees and costs incurred in bringing this action. In order to calculate their damages under the FLSA and the IMWL, Plaintiffs rely upon Defendants' own limited payroll records, Plaintiffs' paycheck stubs, and Plaintiffs' sworn declarations regarding the hours they worked and Defendants' pay practices. Significantly, the Defendants did not maintain adequate records of the hours worked by Plaintiffs on a daily or weekly basis.

1. <u>Defendants' Violation of FLSA and IMWL Recordkeeping Rules</u>

Both the FLSA and IMWL require employers to maintain records of employee hours worked. <u>See</u> 29 U.S.C. § 211(c); 820 ILCS § 105/8. The regulations governing the specific requirements mandate tracking the hours worked *each workday and workweek*, as well as total wages paid for each pay period. <u>See</u> 29 C.F.R. § 516.2(a); 56 Ill. Admin. Code 210.700(f) (emphasis added); <u>See also</u> <u>Skelton v. Am. Intercontinental Univ. Online</u>, 382 F.Supp.2d 1068, 1074 (N.D. Ill. 2005) ("[t]he IMWL parallels the FLSA, and thus the same analysis applies to claims made under the IMWL and FLSA"). Here, it is undisputed that the Defendants did not maintain records of the hours worked by its employees on a daily or weekly basis during 2010, 2011, and 2012. (<u>See</u> PSMF ¶ 17.)

Where an "employers['] records are inaccurate or inadequate," an employee can carry out his burden of establishing a *prima facie* case if he proves that he performed work for which he was not compensated by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." <u>Farmer v. DirectSat USA, LLC</u>, No. 08 C 3962, 2010 WL 3927640, at *121 (N.D. Ill. Oct. 4, 2010), quoting <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687-88 (1946). "The burden then shifts to the employer to come

8

forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Id. If the employer does not produce such evidence, the court may then award damages to the employee though the amount of damages may be approximate. Id.

In this case, the Plaintiffs satisfy their burden by relying upon payroll records that the Defendants used to record hours worked over bi-weekly pay periods in 2010, 2011, 2012, and the beginning on 2013. Specifically, the Plaintiffs refer to Defendants' Pay Period Ending Reports for the time period from August 2010 through January 13, 2013. (See PSMF ¶ 18-20, 26, 36-38, 40-41, 51, 53-54 and Exh. G.) In addition, Plaintiff Julio Reynoso has come forward with samples of Defendants' Labor 2 Reports. (See PSMF ¶ 21, 56, and Exh. H.) The Defendants admit that these Pay Period Ending Reports and Labor 2 Reports show the hours worked by Plaintiffs over their bi-weekly pay periods.

The Plaintiffs' reliance on Defendants' own limited payroll records is therefore appropriate and should be used as the basis for calculating Plaintiffs' unpaid overtime pay during this time period. See Uphoff v. Elegant Bath, Ltd., No. 96 C 4645, 1997 WL 285859, at *1-2, and *4 n.1 (N.D. Ill. May 23, 1997) (entering summary judgment in favor of plaintiffs based upon their audit of defendants' incomplete payroll records including sign-in sheets which showed actual number of hours worked), reversed on other grounds by Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 405-06 (7th Cir. 1999).

With regard to the time period from January 1, 2013 through the end of June 2013, Plaintiffs have provided sworn declarations and paycheck stubs showing the hours they worked. Plaintiffs Manuel Gonzalez and Luis Gonzalez have provided paycheck stubs for all but one of

the periods during the first half of 2013. Critically, these paystubs show the total hours worked by both Plaintiffs Manuel Gonzalez and Luis Gonzalez during individual pay periods.

Each Plaintiff has also submitted a sworn declaration setting out the terms of their employment with Defendants, their schedules, their pay rates, their average hours worked, and Defendants' methods of pay. (See Exhs. A, B, and C.) Notably, the declarations provided by Plaintiffs Manuel Gonzalez, Luis Gonzalez, and Julio Reynoso demonstrate that the Plaintiffs continued to work the same or similar hours during the first half of January 2013 as they did during the initial two-and-a-half years of the limitations period. These declarations, along with Defendants' partial set of payroll records and Plaintiffs' check stubs, provide an appropriate basis for entering summary judgment and awarding Plaintiffs' damages under the FLSA and IMWL. See Solis v. Saraphino's, Inc., No. 09 CV 954, 2011 WL 1532543, at *4-5 (E.D. Wis. Apr. 22, 2011) (entering summary judgment in favor of plaintiffs when defendants failed to properly maintain payroll records and plaintiffs satisfied burden by providing declarations which stated employment dates, days worked, days off, start and end times, pay rates, and pay methods).

        2.    Unpaid Overtime Premiums Under FLSA and IMWL

Plaintiffs seek to recover all unpaid overtime compensation due over the last three years. While the Portal–to–Portal Act provides that the limitations period for FLSA claims is two years, the statute of limitations is properly extended to three years when the cause of action arises out of a willful violation of the FLSA. 29 U.S.C. § 255(a). Importantly, however, the IMWL contains a three-year statute of limitations regardless of whether the violation was willful. See 820 ILCS § 105/12(a). As a result, Plaintiffs may recover three years' worth of unpaid overtime

compensation under the IMWL regardless of whether Defendants' actions are deemed "willful" under the FLSA.

Nonetheless, Plaintiffs strongly contend that Defendants' violation of the FLSA was "willful". An employer acts willfully, for purposes of establishing the proper statute of limitations, where he knows or shows reckless disregard for whether his actions are unlawful under the FLSA. Bankston v. State of Illinois, 60 F.3d 1249, 1253 (7th Cir.1995). Here, the Defendants refused to enable the overtime settings on their payroll software and admittedly failed to pay overtime compensation to Plaintiffs until this suit was filed. Defendants also deliberately concealed their failure to pay overtime by instituting a dual pay system of check-and-cash wage payments to employees. This Court should extend the FLSA limitations period to three years based upon Defendants' willful violations of the Act.

Plaintiff Manuel Gonzalez is entitled to a damages award for unpaid premiums under the FLSA and IMWL in an amount not less than $5,260.00. (See PSMF ¶ 31; See also Exh. I, T. Nolan Dec. ¶ 3-7; See also Exh. I-1, M. Gonzalez Damages Summary.) From June 17, 2012 through July 12, 2013, Plaintiff's regular hourly rate of pay was $10.00. During this time, Plaintiff Manuel Gonzalez worked no less than 1,052 hours in excess of 40 in individual workweeks. (See PSMF ¶ 31; See also Exh. I-1, M. Gonzalez Damages Summary.) From June 17, 2012 through the end of June 2013, Defendants never paid Plaintiff overtime compensation at the rate of one and one-half times his regular hourly rate of pay. (See PSMF ¶ ____.)

Plaintiff Luis Gonzalez is entitled to a damages award for unpaid premiums under the FLSA and IMWL in an amount not less than $23,226.78. (See PSMF ¶ 46; See also Exh. I, T. Nolan Dec. ¶ 9-14; See also Exh. I-2, L. Gonzalez Damages Summary.) Plaintiff's regular hourly rates of pay were $9.00, $9.50, $10.00, and $11.00. Based upon Defendants' own Pay Period

Earning Reports and his check stubs, Plaintiff Luis Gonzalez worked no less than 4,701.5 hours in excess of 40 in individual workweeks from August 2, 2010 through the end of June 2013. (See PSMF ¶ 46; See also Exh. I-2, L. Gonzalez Damages Summary.) During this time, Defendants never paid Plaintiff overtime compensation at the rate of one and one-half times his regular hourly rate of pay.

Plaintiff Julio Reynoso is entitled to a damages award for unpaid premiums under the FLSA and IMWL in an amount not less than $16,736.72. (See PSMF ¶ 62; See also Exh. I, T. Nolan Dec. ¶ 16-21; See also Exh. I-3, J. Reynoso Damages Summary.) Plaintiff performed both kitchen work and cleaning work for the Defendants and spent approximately 56 hours per week performing both services for Defendants. For kitchen work, Plaintiff's regular hourly rate of pay was $12.50. For cleaning work, Defendants' paid Plaintiff $250 per week for approximately 14 hours of work. Because Plaintiff received different hourly rates of pay for different work, Plaintiff's average hourly rate for all work is properly determined by computing his total weekly compensation and dividing it by the hours he worked in a workweek. See 29 C.F.R. § 778.115; See also Exh. I, T. Nolan Dec., ¶ 17.) From August 2, 2010 through June 2013, the total number of hours worked by Plaintiff in excess of 40 in an individual workweek and for which Defendants did not pay him an overtime premium is not less than 2,423.86. (See PSMF ¶ 62; See also Exh. I-3, J. Reynoso Damages Summary.)

3.    FLSA Liquidated Damages

Apart from permitting recovery of unpaid overtime wages, the FLSA also permits plaintiffs to receive "an additional equal amount" as liquidated damages. 29 U.S.C. § 216(b). Where a FLSA violation has occurred, "double damages are the norm." Walton v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir. 1986). To avoid liquidated damages, the

employer bears the burden of demonstrating that its violation of the Act occurred in a good faith, reasonable belief that its actions were not illegal. Renteria v. Italia Foods, Inc., No. 02 C 495, 2003 WL 21995190, at *1 (N.D. Ill. Aug. 21, 2003).

Initially, this Court should find that Plaintiffs are entitled to FLSA liquidated damages as a matter of law, because the Defendants did not plead the affirmative defense of good faith. It is well-established that the failure to plead an affirmative defense in an answer constitutes waiver. Johnson v. Sullivan, 922 F.2d 346, 355 (7th Cir. 1990); Illinois Conference of Teamsters v. Steve Gilbert Trucking, 71 F.3d 1361, 1365 (7th Cir. 1995). Here, Defendants failed to plead the good faith affirmative defense to liquidated damages or any affirmative defense in their Amended Answer to Plaintiffs' Complaint. Plaintiffs are therefore entitled to recover liquidated damages under the FLSA.

Also, even if the Defendants had pled an affirmative defense, they would be unable to demonstrate that their failure to pay overtime was the result of good faith or a reasonable belief that their payment scheme was lawful and legitimate. An employer's proof that its officials attended seminars regarding the FLSA, reviewed the law, and consulted with counsel can establish reasonable good faith. Pautlitz v. City of Naperville, 874 F. Supp. 833, 835 (N.D. Ill. 1994). However, even if Defendants made a good-faith effort to become familiar with the FLSA, they could not have reasonably concluded that their policy of not paying overtime wages to Plaintiffs, and other kitchen workers, was in compliance with the Act. A cursory review of the FLSA would have led them to the same conclusion, namely, that none of the Act's exemptions apply to kitchen workers paid by the hour.

Ultimately, the Defendants' actions, including their check-and-cash wage payment scheme, suggest that they realized that their non-payment of overtime wages was illegal yet they

sought to avoid their obligations by any means necessary. Defendants did not make required federal withholdings, they violated FLSA recordkeeping requirements, and they did not enable the overtime settings on their internal payroll systems. Defendants will therefore be unable to show that they exercised good faith and attempted to comply with the FLSA and its provisions. See Doo Nam Yang v. Acbl Corp., 427 F.Supp.2d 327, 340 (S.D.N.Y., 2005) (awarding liquidated damages under FLSA when employer failed to keep records, failed to pay overtime and did not pay Social Security for the Plaintiff). Plaintiffs Manuel Gonzalez, Luis Gonzalez, and Julio Reynoso are entitled to an award of liquidated damages under the FLSA in the respective amounts of $5,260.00, $23,226.78, and $16,736.72.

### 4.    IMWL Statutory Interest

Under the IMWL, an employee who is not paid as the statute requires is entitled to recover the amount of the underpayment, plus "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a). Employees are entitled to recover IMWL interest in addition to unpaid overtime premiums and FLSA liquidated damages. See Lizak, 2009 WL 3065396, at *9. Based upon calculating interest on Plaintiffs' unpaid overtime wages at the rate of two-percent (2%) per month, Plaintiff Manuel Gonzalez is entitled to recover IMWL statutory interest in the amount of $1,728.55. Plaintiff Luis Gonzalez is entitled to an award of IMWL statutory interest in the amount of $12,649.42. Lastly, Plaintiff Julio Reynoso is entitled to recover IMWL statutory interest in the amount of $9,386.59.  (See Group Exhibit I.)

### 5.    Attorneys' Fees and Costs

The FLSA and IMWL provide that, in addition to any judgment awarded, plaintiffs may recover reasonable attorneys' fees and costs. 29 USC § 216(b); 820 ILCS 105/12(a). Plaintiffs

hereby request leave from the Court to file their petition for an award of reasonable attorneys'

fees and costs incurred by the Plaintiffs in prosecuting this action, including this motion for

summary judgment.


Dated: May 22, 2014                                    Respectfully submitted,
                                                       Manuel Gonzalez, Luis Gonzalez, and Julio
                                                       Reynoso, Plaintiffs



                                                       /s/Timothy M. Nolan
                                                       _____

                                                       One of Plaintiffs' Attorneys


Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
Nolan Law Office
Attorneys for Plaintiffs
53 West Jackson Blvd. #1137
Chicago, Illinois  60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net